UNITED STATES BANKRUPTCY COURT
EASTERN/WESTERN DISTRICT OF ARKANSAS DIVISION

| | | | |
|---|---|---|---|
| IN RE: | TOMMY AND STELLA LANCASTER | ) | Case No: 3:11-bk-14320 |
| | | ) | Chapter 13 |
| | Debtors | ) | |

## CHAPTER 13 PLAN

Debtors propose this Chapter 13 Plan:

1. **Payment to the Trustee.** Debtors shall pay $370.00 per month to the Trustee. The first payment will be made within 30 days of the filing of the petition. Payment shall be made from the source listed below:

    Name of Employer:   **DIRECT**

    ( ) Weekly ( ) Bi-Weekly () Semi-Monthly (xx) Monthly or ( ) Other.

2. **Plan Length**. The Debtors propose to pay all disposable income into the plan for the benefit of unsecured creditors for not less than the applicable commitment period (unless unsecured creditors are being paid in full (100%)). The plan length shall not exceed 60 months.

    The Debtors' plan length is (36) months. The following provision will apply if completed:

3. **Administrative Costs:**

    1)Trustee's Fees & Expenses
    2)ATTORNEY FEE to be paid through the plan**         $3,000.00
       ATTORNEY FEE paid by debtor prior to filing.      $    66.00
    3)Attorney's fee to be paid by trustee               $2,934.00
      **Attorney Fee shall be paid as follows:
      a. $1,000.00 from funds paid in by debtor, after administrative costs have been paid as the "kicker"; and
      b. the remaining fee balance shall be paid at the rate of 25% of the total disbursed to creditors each month thereafter until paid in full.

4. Priority Claims.

(A). **Domestic Support Obligations.**

Debtor has a continuing support obligation **PAYABLE TO:**         and said regular monthly support payment shall be paid by debtor directly.  Additionally, debtor is **IN ARREARS OF CHILD SUPPORT** in the sum of $       and said sum shall be paid, **inside the plan,** in full within the life of the plan.

| Individual Support Owed to | | Agency Collecting Support | |
|---|---|---|---|
| Name | | Name | |
| Address | | Address | |
| City State Zip | | City State Zip | |

B). **Other Priority Claims (e.g., tax claims)**. These priority claims will be paid in full.

1) _____  $ _____

2) _____  $ _____

For claims filed by the Internal Revenue Service, Arkansas Department of Finance & Administration (or other state taxing authority), Commissioner of State Lands and/or a count tax collector/treasurer if that entity reflects that all or a portion of its claim is secured, then, if that claim is allowed, the secured portion of that claim shall be paid in full unless other specific treatment is afforded that debt elsewhere in the plan.

**5. Secured Claims.**

(A).   **Secured Claims.**

   (i). **Pre-confirmation Adequate Protection Payments.** Until such time as the plan is confirmed, the Debtors' plan payment to the Trustee will be allocated to pay the following adequate protection payments. Prior to confirmation, the Trustee shall be authorized to disburse the payments upon the filing of an allowed claim by the Creditors listed below. Payment of adequate protection payments will be limited to funds available.

| Creditor Name and Last 4 Digits of Account Number | Collateral | Adequate Protection Payment Amount |
|---|---|---|
| Capital One Bank | 2006 Chevy Malibu | $110.00 |
| HSBC | Computer | $8.50 |

(ii). **Post-Confirmation Payments**. Post-confirmation payments to creditors holding secured claims shall be paid as set forth below.

a. **Claims to Which § 506 Valuation is NOT Applicable**. Claims listed in this subsection consist of debts secured by a purchase money security interest in a vehicle for which the debt was incurred within 910 days of filing the bankruptcy petition, or, if the collateral for the debt is any other thing of value, the debt was incurred within one year of filing. The following claims will be paid as follows.

| Creditor/Collateral | Purchase Date | Debt Amount to be Paid | Value | Interest Rate | Monthly Payment |
|---|---|---|---|---|---|
| | | | | | |
| | | | | | |

b. **Other Secured Claims**. Other secured claims will retain their liens and be paid the lesser of the amount of their claim or the value of their collateral. Any amount claimed by the creditors that exceeds the value of the collateral will be treated as a non-priority unsecured claim.

| Creditor/Collateral | Purchase Date | Debt Amount | Value | Interest Rate | Monthly Payment |
|---|---|---|---|---|---|
| HSBC/ computer | | $550 | $500 | 6% | $17.00 |
| Capital One/ 06 Malibu | 5/07 | $7,200 | $7,000 | 6% | $220.00 |

(B). **Long Term Debts, Including Debts Secured by Real Property Which Debtor Intends to Retain**. The Debtors propose to pay secured debts, such as a home mortgage, and/or unsecured debts that will extend beyond the length of the plan, and for which the Debtors will resume payments to such creditor upon completion of the plan, pursuant to the terms of the respective agreements with the Creditors as described below. The regular monthly mortgage payments for real estate may be increased or decreased as provided under the loan documents from information provided by the Creditor and upon the absence of objection from the Debtors. The Trustee may pay each allowed arrearage claim at the monthly rate indicated below until paid in full.

|  |  |  | AMOUNT PER MONTH |
|---|---|---|---|
| CREDITOR | REG PYMT | ARREARAGE | TO CURE ARREARAGE |

1)

2)

**(C).** **Surrender of Collateral**. Debtors will surrender the property securing the following claims in accordance with 11 U.S.C. § 1325(a)(5)(C). No further payments are to be made to the creditor on the secured claim. The creditor may file a claim for the deficiency amount remaining and the claim will be treated as a non-priority unsecured claim.

CREDITOR                DESCRIPTION OF PROPERTY
1)_____    _____

2)_____    _____

1.   6.   **Special Non-priority Unsecured Claims.** The following special non-priority unsecured claims will be paid prior to other non-priority unsecured claims. The reason for the special treatment is stated below. Claims will be paid in full (100%) unless a different treatment is indicated.

| Creditor | Debt Amount | Interest Rate, If Any | Monthly Payment | Reason for Special Classification |
|---|---|---|---|---|
|  |  |  |  |  |
|  |  |  |  |  |

2.   7.   **Non-priority Unsecured Claims**. Allowed non-priority claims shall be paid in full (100%) unless a different treatment is indicated below:
3.
    ( ) A definite percentage of _____;

    ( ) A definite amount of $_____ subject to 11 U.S.C. §§ 1322 and 1325; or

    ( XX ) A PRORATA dividend from funds remaining after payment of all other classes of claims and the Debtors shall pay all projected disposable income into the plan for the benefit of unsecured creditors.

    8.   **Executory Contracts and Unexpired Leases**.

The debtors ( ) assume or ( ) reject the following executory contract or unexpired lease. **If rejected, no further payments are to be made to the creditor on the contract or lease; however, the creditor may file a claim for the deficiency and will be treated as a non-priority unsecured creditor.**

          <u>CREDITOR</u>        <u>CONTRACT AND/OR DESCRIPTION OF LEASED PROPERTY</u>

1)

1. 9. **Claims That Are Not to Be Paid by the Trustee.** The following claims are to be paid directly to the Creditor by the Debtors and not by the Trustee. These claims include home mortgage, if current; lease payments, if current; and debts actually being paid by someone other than the Debtors from property that is not property of the estate.

**CREDITOR    DESCRIPTION OF PROPERTY/NATURE OF OBLIGATION**

1) Chase Home  residence located @ 2012 Timberridge, Jonesboro, AR

2)

1. 10. **Other Provisions:**

   (A). **Vesting of Property of the Estate.** The property of the estate shall continue to be property of the estate until such time as a discharge is granted or the case is dismissed. Unless otherwise provided, the Debtors shall remain in possession of all property of the estate.

   (B). **Secured Claims Not Provided For in the Plan.** In the event that a secured claim is allowed which is not provided for in the plan, then the trustee shall pay such creditor in full after this plan has in all other respects been completed.

   **(C). Refunds.** In order to assist the Debtors in performance of the plan, the trustee may from time to time grant refunds to the Debtors as may be necessary to satisfactorily complete the plan, provided that all sums necessary to complete the plan are ultimately paid by the Debtors.

   (D). **Other Provisions.** Other provisions of the plan which are not inconsistent with Title 11 of the United States Code, pursuant to 11 U.S.C. § 1322(b)(11).

**Confirmation of this Plan imposes a duty on the Mortgage Entities to:**
1)      deem any Pre-Petition arrearage as contractually current so that no Post-Petition delinquency status is declared due to Pre-Petition events that are addressed in the Plan;
2)       apply Trustee payments on Pre-Petition arrearages only to such arrearages;
3)       apply mortgage payments made during the Plan(whether by the Debtor or by the Trustee) to the month in which they were made (or designated to be made) under or during the Plan.
4)       Pre-Petition arrearages shall include only those sums included in the "allowed" proof of claim.

**By listing the mortgage servicer as the entity to whom the payment is to be made, the Debtor(s)  waive no rights to contest any claim filed on their mortgage loan for**

**lack of documentation providing appropriate information as to who the current owner of the mortgage note is, or for lack of documentation showing the servicer's right to collect on behalf of the current owner or holder or the note. By listing an amount owed as a pre-petition arrearage, the debtor(s) waive no rights to contest any amounts claimed for attorney fees and costs, foreclosure fees, late fees, inspection fees, broker price opinion fees, corporate advances, escrow advances, or any other fees and costs assessed against the loan that the Debtor's believe to be unreasonable, inappropriate, unwarranted, not allowed under the terms of the mortgage or note, or not allowed under Title 11 of the United States Code or Federal Rules of Bankruptcy.**


**/s/Tommy Lancaster**  /s/Michael Crawley
**Debtor**  Michael E. Crawley, Jr. Bar # 97016
  Mike DeLoache, Bar # 90210
  Joel G. Hargis, Bar #2004-007
**/s/Stella Lancaster**  Attorneys at Law
**Debtor**